**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAVIER LOPEZ-NAVARRO,

Petitioner,

v.

ERIC H. HOLDER, JR.,

Respondent.[*]

No. 08-9554

(Board of Immigration Appeals)

---

**ORDER AND JUDGMENT**[**]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH,** Circuit Judges.[***]

Petitioner Javier Lopez-Navarro seeks review of a decision by the Board of

Immigration Appeals denying his application for cancellation of removal. We

lack jurisdiction over Lopez's claims and therefore DISMISS the petition.

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Respondent requests that Eric H. Holder, Jr. be substituted for Michael Mukasey as the respondent in this case.

[**] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[***] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

The parties are familiar with the facts and we summarize only those relevant to our decision.

Lopez is a citizen of Mexico and entered this country without inspection in 1990. In February 1992, he was arrested for possessing unauthorized blank INS work permits in violation of 18 U.S.C. § 1546(a). He pleaded guilty and was sentenced to time served with two years of supervised release. As part of his supervised release, Lopez was, among other things, required to report to the United States Probation Office within 48 hours and report to a California municipal court to resolve an outstanding bench warrant for a DUI charge. Though Lopez initially contacted the Probation Office, he never appeared before the municipal court. He also failed to maintain contact with the Probation Office, and subsequent efforts to find him were fruitless. Because of these supervised release violations, the United States District Court for the Central District of California issued a bench warrant for Lopez's arrest in June 1992. Eleven years later, in 2003, Lopez was arrested on the bench warrant and sentenced to four months' imprisonment.

After Lopez completed the four-month sentence on his probation violation, the Department of Homeland Security served him with a Notice to Appear in removal proceedings, alleging he was removable under 8 U.S.C. § 1182(a)(6)(A)(i). In response, Lopez conceded his removability and applied for

cancellation of removal or, alternatively, voluntary departure. Lopez based his application for cancellation of removal in part upon the fact that his son, a United States citizen, was diagnosed with a respiratory illness at a young age.

At his removal hearing, Lopez testified his family had relocated from California to Utah to mitigate his son's respiratory symptoms. Lopez also stated that if he were removed, he and his family would return to his hometown of Mexico City, and he feared his son's respiratory condition would be aggravated because of the City's air and water pollution problems. On cross-examination, however, Lopez admitted he would consider finding work outside Mexico City, where pollution levels are less serious. The Immigration Judge (IJ) heard this testimony and denied Lopez his requested relief.

On appeal, the Board of Immigration Appeals (BIA) issued a brief, non-summary order affirming the decision of the IJ. *See* 8 C.F.R. § 1003.1(e)(5).[1] Lopez appeals that order, abandoning his request for voluntary departure and seeking only to reverse the BIA's decision regarding his application for cancellation of removal.

## II. Analysis

---

[1] In immigration cases, the scope of our review is usually limited to the decision of the BIA. *Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007). However, where the BIA issues a brief order affirming the decision of the IJ—as occurred here—we may look to the IJ's opinion for a more complete explanation of the BIA's order. *Id*.

In general, we have jurisdiction under 8 U.S.C. § 1252(a) to review final BIA removal orders. Our jurisdiction has been substantially limited by Congress, however. We have no "jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b," which governs cancellation of removal. § 1252(a)(2)(B)(i); *see Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1147 (10th Cir. 2005). Furthermore, § 1229c(f) directs that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure." *See Ekasinta v. Gonzales*, 415 F.3d 1188, 1190 (10th Cir. 2005) ("[W]e lack jurisdiction to review an immigration judge's refusal to grant voluntary departure.").

Despite these limitations, however, we may reach any "constitutional claims or questions of law" raised by Lopez in his petition, even if they relate to the BIA's denial of his applications for cancellation of removal and voluntary departure. § 1252(a)(2)(D); *see Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007).

In an attempt to place his appeal within § 1252(a)(2)(D) and thereby vest us with jurisdiction, Lopez makes two arguments. First, he claims the BIA erred as a matter of law when it considered his 1992 conviction as relevant to his "good moral character" under § 1229b(b)(1)(B), because the conviction occurred more than ten years prior to his application for cancellation of removal. Second, he claims the BIA erred in concluding that his son's medical condition would not

-4-

cause "exceptional and extremely unusual hardship," § 1229b(b)(1)(D), if he were removed.  Neither argument has merit.

First, with respect to Lopez's 1992 conviction, the BIA stated, "[w]e find no basis to disturb the Immigration Judge's conclusion that the respondent has not demonstrated good moral character, in light of his failure to comply with the *terms of his probation*."  A.R. at 2 (emphasis added).  Lopez contends that his "last known act of 'bad moral character' occurred on May 8, 1992, when his . . . deadline to report to the U.S. Probation Office expired without his reporting as ordered."  Pet'r Br. at 12.  This, he states, proves that he had "good moral character" for the ten-year period of § 1229b(b)(1)(B).  The BIA and IJ disagreed. They determined that Lopez's *ongoing* parole violation, which began in 1992 and was not resolved until he served his four-month sentence in 2003, justified a finding of lack of good moral character.  Contrary to Lopez's assertions, we have no jurisdiction to review this finding.  It is nothing more than a "challenge to the agency's discretionary and fact-finding exercises."  *Kechkar*, 500 F.3d at 1084 (citing *Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006) (per curiam)).[2]

_____

[2]  Lopez also argues that "[t]he IJ erred in imputing some base motive to Lopez regarding his testimony that he completed probation when in fact the probation was terminated."  Pet'r Br. at 13.  The credibility determinations of an IJ are fact questions also outside the scope of our jurisdiction.  *See Kechkar*, 500 F.3d at 1084; *see also Cyrus v. Keisler*, 505 F.3d 197, 202 (2d Cir. 2007) ("Challenges to discretionary decisions, like the one raised here, essentially dispute the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion.  As we have stated repeatedly, such discretionary decisions are beyond
(continued...)

Second, Lopez challenges the BIA's "exceptional and extremely unusual hardship" determination. In doing so, Lopez conducts a searching analysis of the evidence presented to the IJ, concluding "the evidence overwhelmingly shows that [Lopez's son] suffers from severe, recurring upper respiratory tract problems." Pet'r Br. at 18. But Lopez's factual arguments do not provide us with jurisdiction. *See Kechkar*, 500 F.3d at 1084 (holding that an alien does not "avoid[] the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome").

Lopez also argues the BIA departed from its own precedent in making its hardship determination. We have previously held that "the hardship issue is a matter of discretion. There is no algorithm for determining when a hardship is 'exceptional and extremely unusual.' The decision regarding when hardship has reached that level is a judgment call. In other words, the decision requires the exercise of discretion." *Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003); *see also Sabido Valdivia*, 423 F.3d at 1147.

Here, the BIA exercised its discretion when it examined the record evidence and affirmed the IJ. We therefore lack jurisdiction to review the BIA's hardship determination.

---

[2](...continued)
our review.") (internal quotation marks, alterations, and citations omitted).

## III.  Conclusion

For the foregoing reasons, we DISMISS Lopez's petition.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge