**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SOMNANG DEAN,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 10-9504
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

---

Petitioner Somnang Dean petitions this court for review of an order of the

Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration

Judge's (IJ) decision denying his request for continuance, finding him statutorily

ineligible for adjustment of status, and denying his request for voluntary

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

departure. Respondent has filed a motion to dismiss, arguing that the claims raised in the petition are moot. As explained below, we grant the motion to dismiss in part and dismiss as moot Mr. Dean's claims relating the denial of adjustment of status. We deny the motion as to Mr. Dean's claim that his due process rights were violated because he was not given a transcript of his testimony at a hearing held in his wife's immigration proceedings, but we dismiss that claim for failure to exhaust.

I.

This case has a long and complicated procedural history that need not be recounted in full as the parties do not disagree about the history. The short version is as follows. Mr. Dean and his first wife attempted to enter the United States from their home county of Cambodia in November 1994 with Mr. Dean using a false name. They were charged with excludability. Mr. Dean conceded excludability but sought asylum and withholding of deportation. His applications were denied and he was returned to Cambodia. His wife's applications were also denied but she remained in the country after her case was reopened. Mr. Dean shortly thereafter returned to the United States using a non-immigrant visa issued in his own name.

His wife then filed for divorce and, even though she had been reunited with Mr. Dean, did not withdraw the petition for divorce. The divorce decree was entered in May 1997 and Dean married a United States citizen in December 1997,

a few days before his period of authorized stay was to expire. This citizen filed a petition for alien relative on his behalf, but withdrew the petition on March 24, 2000, on the ground that she was seeking a divorce. Mr. Dean was charged with removability on March 23, 2000. On July 11, 2000, Mr. Dean appeared as a witness at a hearing that was part of his first wife's immigration proceedings and, at one point, in testimony concerning his relationship with his ex-wife, asserted that he never stopped being married to her. He later corrected himself under questioning from his own attorney.

On the same day as his wife's hearing, and immediately thereafter, a hearing regarding *Mr. Dean's* immigration status was held in front of the same IJ. Mr. Dean had previously conceded removability and the only remaining issue was voluntary departure. Apparently, because the actors were the same, the IJ and the attorneys simply began argument as to whether voluntary departure should be granted, based on the testimony presented in the previous hearing. The IJ denied voluntary departure on the ground that he thought Mr. Dean's testimony at the previous hearing was not credible and that he believed that Mr. Dean had attempted to perpetrate marriage fraud in order to stay in the United States.

The BIA reversed on appeal, noting that the IJ failed to enter a separate written decision and that it did not have before it any testimony from Mr. Dean,

despite the IJ's assertion that he did not believe Mr. Dean's testimony.[1] The BIA remanded to allow Mr. Dean to present testimony and other evidence in support of his voluntary departure application.

Mr. Dean's next hearing before the IJ was continued at the request of the government, on the ground that it had just realized that Mr. Dean had filed an adjustment of status application based on an employment-based visa petition filed by Mr. Dean's employer and granted by the United States Citizenship and Immigration Services (CIS). CIS subsequently revoked the approved visa petition and Mr. Dean appealed the revocation.

Mr. Dean then had another hearing before the IJ on both his adjustment application and his voluntary departure request. He asked for a continuance, arguing that his adjustment application could not be ruled upon until after disposition of his appeal of the visa revocation. The IJ denied the request for continuance, denied adjustment of status on the ground that Mr. Dean had no valid visa pending at that time, and denied voluntary departure based on the IJ's previous marriage fraud determination. Mr. Dean appealed to the BIA and the

---

[1] It appears that the board had not been provided the transcript of the testimony from the July 11 hearing in Mr. Dean's wife's case. We note, however, that the BIA remanded on these grounds sua sponte. Mr. Dean did not argue on appeal to the BIA that the case should be remanded due to either the IJ's failure to enter a separate written decision or the IJ's consideration of Mr. Dean's testimony in his wife's hearing.

case was remanded again, this time based on the IJ's failure to enter a written decision.

At the hearing on remand, the IJ again denied adjustment and voluntary departure, and signed the transcript of his oral decision as his written ruling. Mr. Dean appealed. Among other grounds for appeal, Mr. Dean argued that he "suspect[ed] that the recordings of the hearings herein are incomplete and as such the matter should be remanded for completion of new hearings where the recordings could be done again and be complete to then allow a meaningful review by an appellate court." Admin. R. at 802. The BIA adopted and affirmed the IJ's decision. In a footnote, the BIA wrote that "[t]o the extent that [Mr. Dean] suggests that the transcript is missing or incomplete, the transcript for the July 11, 2000, hearing, regarding [Mr. Dean's] marriages and travel to the United States, is contained in his current wife's Record of Proceedings." *Id*. at 770. Mr. Dean then petitioned to this court for review of this decision.

II.

Mr. Dean raises two due process arguments in his petition. The *second* of these arguments is that Mr. Dean did not receive due process in regard the denial of his motion for adjustment of status. Adjustment was denied on the ground that the underlying visa had been revoked, despite the fact that the appeal from that revocation had not been decided. Mr. Dean argues that his due process rights were violated by the IJ's refusal to continue the matter until after the revocation

-5-

appeal was decided. In his motion to dismiss, the Attorney General has provided this court with documentation showing that the Administrative Appeals Office (AAO) actually rejected Mr. Dean's appeal from the revocation as improperly filed on April 14, 2009.[2] Thus, Mr. Dean's second argument is moot in that it is clear that there is no chance for the revocation to be overturned and, thus, no argument that the adjustment of status denial might be error. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.) (internal quotation marks omitted) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."), *cert. denied*, 131 S. Ct. 469 (2010).

Mr. Dean's first due process argument, however, is not moot. In it, he argues that his due process rights were violated because he never received a transcript of his testimony at his wife's July 11, 2000, hearing. He argues that this denied him any opportunity to challenge the evidence (i.e., his testimony at his wife's hearing) that was used against him. Since this argument would impact

---

[2]    We note that while the record of the AAO's decision is not part of the administrative record before this court, Mr. Dean filed no response to the Attorney General's motion to dismiss, nor has he in any other way disputed the authenticity of the AAO decision. Further, the AAO's decision is the type of public record of which we may take judicial notice. *Opoka v. INS*, 94 F.3d 392, 394 (10th Cir. 1996) (taking judicial notice, when reviewing an alien's petition for review, of a BIA decision in the immigration proceedings of the alien's wife).

the agency's voluntary departure decision as well as its adjustment of status decision, it is not moot.[3]

Nevertheless, this point must be dismissed for lack of jurisdiction as well.

> The failure to raise an issue on appeal to the Board constitutes failure to exhaust administrative remedies with respect to that question and deprives the Court of Appeals of jurisdiction to hear the matter. Courts have carved out an exception to the exhaustion requirement for constitutional challenges to the immigration laws, because the BIA has no jurisdiction to review such claims. Nevertheless, the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process.

*Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam) (citations omitted) (internal quotation marks omitted). Here, Mr. Dean never argued in the agency proceedings that he was unable to properly present his case without access to the transcript of the July 11, 2000, hearing. This was an administratively correctable procedural error, so Mr. Dean was required to raise it to the agency in the first instance. His failure to do so deprives this court of jurisdiction to hear his claim.

---

[3] We generally lack jurisdiction to consider discretionary determinations such as a denial of voluntary departure. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007). But we do have jurisdiction in this case because Mr. Dean has raised a constitutional claim in regard to the denial of voluntary departure. *Id*. at 1083-84.

III.

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

The petition for review is DISMISSED in its entirety for lack of jurisdiction.


Entered for the Court



Paul J. Kelly, Jr.
Circuit Judge