FILED
United States Court of Appeals
Tenth Circuit

September 14, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

YASSINE KECHKAR,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General; BUREAU OF CUSTOM &
IMMIGRATION ENFORCEMENT,
a federal government agency;
NURIA PRENDES, Field Office
Director for Detention and Removal,

Respondents.

Nos. 06-9583 & 06-9595
(No. A98-426-000)
(Petition for Review)

ORDER

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

The Respondents have requested that we publish our prior order and

judgment in this case, *Kechkar v. Gonzales*, Nos. 06-9583, 06-9595, 2007 WL

1991162 (10th Cir. July 11, 2007). Upon consideration, the motion is granted.

The attached opinion is substituted for the order and judgment previously

filed on July 11, 2007.

Entered for the Court,

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

July 11, 2007

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

YASSINE KECHKAR,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General; BUREAU OF CUSTOM &
IMMIGRATION ENFORCEMENT,
a federal government agency;
NURIA PRENDES, Field Office
Director for Detention and Removal,

      Respondents.

Nos. 06-9583 & 06-9595

---

**ON PETITION FOR REVIEW FROM THE
BOARD OF IMMIGRATION APPEALS
(BIA No. A98-426-000)**

---

Submitted on the briefs:[*]

Lawrence E. Davis, Lawrence E. Davis, P.C., Oklahoma City, Oklahoma, for
Petitioner.

David V. Bernal, Assistant Director, Liza S. Murcia, Attorney, Office of
Immigration Litigation, United States Department of Justice, Civil Division,
Washington, D.C., for Respondent Alberto R. Gonzales.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

**EBEL**, Circuit Judge.

Petitioner Yassine Kechkar, a native and citizen of Morocco, challenges decisions by the Board of Immigration Appeals (BIA) dismissing his appeal from a removal order and denying his motion to reopen the proceedings. At the heart of this case is Kechkar's purported misrepresentation of U.S. citizenship. We dismiss in part and deny in part the petition in No. 06-9583, regarding his appeal to the BIA, and we deny the petition in No. 06-9595, regarding his motion to the BIA to reopen the proceedings.

## BACKGROUND

Kechkar entered this country in 1999 to pursue a master's degree in business administration. But after several years, he married a U.S. citizen and stopped attending school.

In November 2004, the Department of Homeland Security (DHS) charged him as removable for "fail[ing] to maintain or comply with the conditions of the nonimmigrant status under which [he] [was] admitted" and for "remain[ing] in the United States . . . longer than permitted." Admin. R. at 219. *See* 8 U.S.C. § 1227(a)(1)(B) & (C)(I). DHS later added a charge of misrepresenting United States citizenship. Regarding the added charge, DHS alleged that Kechkar had,

-2-

on February 6, 2002, completed an employment-eligibility verification form (Form I-9) to work for Dillard's, Inc., and checked a box on the form indicating that he was "[a] citizen or national of the United States." Admin. R. at 185; *see also id.* at 216. The remaining two boxes on the form, for "A Lawful Permanent Resident" and "An alien authorized to work," were left blank. *Id.* at 185.

In December 2004, Kechkar's wife filed an alien-relative petition (Form I-130), a precursor to Kechkar being able to seek adjustment to lawful-permanent-resident status. In February 2005, Kechkar appeared before an Immigration Judge (IJ) and sought a continuance of the removal proceedings based on his wife's pending petition. He also admitted that he was removable as initially charged and that he was not authorized to work at Dillard's, but he contested the charge of misrepresenting citizenship. The IJ scheduled another hearing and stated that he would not "carry the case any further" if he found a misrepresentation of citizenship. *Id.* at 118.

At the subsequent hearing, Kechkar testified that he did not check the "citizen or national" box and that he left all of the boxes blank because he did not fit any of the categories. He further testified that he believed a "national" was "somebody that lives here" or "somebody related to a nation in some way and fashion." *Id.* at 138, 139. Kechkar also submitted a letter from a friend stating that he was with Kechkar when he filled out the verification form and that Kechkar said "he was going to leave the section blank about his authorization to

work." *Id.* at 189. The friend conceded, however, that he did not see the form after Kechkar completed it and could not "say if [Kechkar] actually left it blank." *Id.*

Melanie Carroll, the operational secretary at Dillard's responsible for processing the verification forms, testified that she was "99.9[%]" sure that no one at Dillard's would have checked the box if Kechkar had left it blank. *Id.* at 168. She testified that if the box had been left blank, the form "would have either been given back to [Kechkar]" or "we would [have] attach[ed] a red flag . . . saying employee did not check box." *Id.* at 166. Finally, Carroll testified that Dillard's ultimately fired Kechkar for "dishonesty" because he "was putting [$]4.99 stickers on . . . sweaters that were not [$]4.99." *Id.* at 173.

The IJ found that Kechkar had in fact checked the "citizen or national" box, thereby making a false representation of citizenship. The IJ also rejected any suggestion that Kechkar may have checked the box thinking he was a U.S. national. Finally, the IJ found that Kechkar's wife's pending alien-relative petition could not justify a continuance because Kechkar was inadmissible—and therefore ineligible for a status adjustment—based on his misrepresentation of citizenship. Kechkar was ordered removed to Morocco.

On appeal to the BIA, Kechkar advanced two arguments. First, he argued "that the IJ erred as a matter of law when he denied [Kechkar's] request to continue his proceedings to allow for the adjudication of his U.S. citizen spouse's

-4-

immediate relative visa petition." *Id.* at 75.  Second, he argued "that the IJ abused his discretionary authority in denying [Kechkar's] request to voluntarily depart." *Id.*  The BIA dismissed the appeal.  It first determined that Kechkar had failed to show good cause for a continuance, given that he was ineligible for a status adjustment.  The BIA explained that Kechkar had not demonstrated clearly and beyond doubt that he either (1) did not check the "citizen or national" box; or (2) checked the box, believing he was a U.S. national.  The BIA further determined that Kechkar was ineligible for voluntary departure because he lacked good moral character due to his false-citizenship claim and his termination for dishonesty.  In response to these determinations, Kechkar filed a petition for review in this court, which was docketed as No. 06-9583.

Kechkar also moved the BIA to reconsider its continuance determination and to reopen the proceedings so he could seek a status adjustment based on the recent approval of his wife's alien-relative petition.  The BIA denied the motion, concluding that Kechkar was still ineligible for adjustment because of his misrepresentation.  Kechkar's petition for review of that denial was docketed in this court as No. 06-9595.

### DISCUSSION

#### I.  Petition No. 06-9583

Because a single member of the BIA decided Kechkar's appeal and issued a brief opinion, "we review the BIA's decision as the final agency determination

-5-

and limit our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). The BIA upheld the IJ's denials of a continuance and voluntary departure. We generally lack jurisdiction to consider these discretionary determinations. *See Yerkovich v. Ashcroft*, 381 F.3d 990, 995 (10th Cir. 2004) ("hold[ing] that 8 U.S.C. § 1252(a)(2)(B)(ii) bar[s] review of [an] IJ's discretionary decision denying [a] petitioner's motion for a continuance"); 8 U.S.C. § 1229c(f) (providing that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure"). Our jurisdiction reaches only so far as those determinations present constitutional claims or questions of law involving statutory construction. *Diallo*, 447 F.3d at 1281-82 (discussing the Real ID Act's effect on our jurisdiction).

## A. Continuances

Kechkar does not argue that the denial of a continuance violated any constitutional right. And the only legal issue we can discern stems from the BIA's construction of 8 U.S.C. § 1182(a)(6)(C)(ii)(I) as rendering Kechkar ineligible for adjustment of status and, therefore, unable to show good cause for a continuance to pursue an adjustment. This statutory provision reads: "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit under [Chapter 12 of

-6-

Title 8] (including section 1324a of this title) or any other Federal or State law is inadmissible." *Id.*[1]

Kechkar argues that § 1182's language does not cover a misrepresentation of citizenship made in connection with private employment because the alien is not seeking "any purpose or benefit under this chapter." 8 U.S.C. § 1182(a)(6)(C)(ii)(I). But he offers no analysis and cites no authority for this proposition other than the concurring opinion in *Ateka v. Ashcroft*, 384 F.3d 954, 958 (8th Cir. 2004), which emphasized that the issue Kechkar now raises was not before the court. Further, he overlooks the statute's specific reference to 8 U.S.C. § 1324a, entitled "Unlawful employment of aliens." It appears self-evident that an alien who misrepresents citizenship to obtain private employment does so, at the very least, for the "purpose" of evading § 1324a(a)(1)(A)'s prohibition on "a person or other entity" knowingly hiring aliens who are not authorized to work in this country. Kechkar's construction of § 1182 is without merit.

### B. Voluntary Departure

Kechkar next argues that his constitutional rights were violated because "[t]he evidence presented did not support a denial of [voluntary departure]." Pet'r Br. at 31. While constitutional claims involving voluntary departure are within our jurisdiction, *see Diallo*, 447 F.3d at 1281, Kechkar's argument is

---

[1] An inadmissible alien is not eligible for adjustment to permanent-resident status. 8 U.S.C. § 1255(a).

nothing more than a challenge to the agency's discretionary and fact-finding exercises cloaked in constitutional garb. Such challenges "remain outside the scope of judicial review." *Id.* An alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome. *See Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006) (per curiam). Accordingly, we lack jurisdiction to consider the BIA's voluntary-departure determination.

## II. Petition No. 06-9595

Kechkar argues that the BIA should have reopened his case so he could have pursued a status adjustment after DHS approved his wife's alien-relative petition. We review for an abuse of discretion. *Huerta v. Gonzales*, 443 F.3d 753, 757 (10th Cir. 2006). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005) (quotation omitted).

The BIA declined to reopen the proceedings, explaining that Kechkar had "not presented any new evidence sufficient to disturb [the] finding that [he] made a false claim to citizenship and thus is not prima facie eligible for adjustment of

status." Admin. R. at 2 (italics omitted). Kechkar attacks this explanation on three grounds. First, he asserts that the government did not meet its burden of proving that he checked the "citizen or national" box on the verification form. But "[b]ecause [Kechkar] conceded removability, *the burden shifted to him* to show that he was both statutorily eligible for relief from removal and that the Attorney General should exercise his discretion to grant that relief." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (emphasis added). And we see nothing in the record indicating that Kechkar showed "clearly and beyond doubt" that he did not check the box. *See* 8 U.S.C. § 1229a(c)(2)(A).

Next, he asserts that there was no evidence indicating that he "meant to claim citizenship rather than nationality" if he did check the "citizen or national" box. Pet'r Br. at 30. It was Kechkar's burden, however, to show that he intended to claim status as a national, and the BIA's rejection of any such intention was not irrational in light of his equivocal testimony on the subject. *See* Admin. R. at 138 ("I guess a national is somebody that lives here."); *id.* at 139 ("Well, I mean a national is somebody related to a nation in some way and fashion.").

Finally, Kechkar contends that "[p]rivate employment has not been held to be a benefit under the Act." Aplt. Br. at 30. For the reasons expressed above in Part I.A., that contention fails here as well.

We hold that the BIA did not abuse its discretion in declining to reopen the proceedings.

## CONCLUSION

The petition for review in No. 06-9583 is DISMISSED in part and DENIED in part. The petition for review in No. 06-9595 is DENIED.