FILED
United States Court of Appeals
Tenth Circuit

June 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YONG CHEN,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 10-9562
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, **McKAY** and **EBEL**, Circuit Judges.

---

Yong Chen petitions for review of a decision by the Board of Immigration

Appeals (BIA or Board) denying his applications for asylum, restriction on

removal, and relief under the Convention Against Torture (CAT).  We lack

jurisdiction to consider the determination that Mr. Chen's asylum application was

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

untimely and dismiss that portion of the petition. *See* 8 U.S.C. § 1158(a)(3); *Ferry v. Gonzales*, 457 F.3d 1117, 1129-30 (10th Cir. 2006). We do, however, have jurisdiction to consider the restriction-on-removal claim and the CAT claim. *See* 8 U.S.C. § 1252(a). We deny the remainder of the petition. The BIA's conclusion that Mr. Chen was not credible and provided no corroboration for his claims and thus failed to satisfy his burden to establish eligibility for the relief he requested was not "contrary to what a reasonable factfinder would have been compelled to conclude." *See Diallo v. Gonzales,* 447 F.3d 1274, 1283 (10th Cir. 2006).

### Background and Testimony

Mr. Chen is a native and citizen of China. He left China in 1998 and went to Ecuador where he stayed for a few months but left for the United States after his business failed. He overstayed his six-month visitor's visa and in 2005 was placed in removal proceedings. At that time, he told the Immigration Judge (IJ) that he planned to file an application for asylum. However, he did not actually file the asylum application until 2008, ten years after his arrival in this country. Mr. Chen's asylum request was based on past persecution by Chinese authorities on account of his Christian faith.

At the hearing before the IJ, Mr. Chen testified that he had been arrested by Chinese authorities for illegally attending an underground Christian gathering at a small house church. He was detained for three days during which time he was

interrogated twice and both times beaten with a baton which left his body swollen. His family paid for his release. He treated his injuries with ointment.[1] For the following two months he was required to report to the authorities about his activities, but no problems resulted from the reporting requirement.

Mr. Chen testified that as he moved to various cities in the United States he would usually find a Chinese Christian church in which to worship, although he never formally became a member of any church. Despite living for more than a year in New York City, Mr. Chen could not remember the name of the church he attended there.

Around May 2007, after he had been placed in removal proceedings, Mr. Chen mailed some Christian religious materials to a friend in China. According to his testimony, the Chinese police found the materials and detained his friend for three or four days. The friend told the police that the materials had come from Mr Chen, and his mother told him that, because the police knew he had sent Christian materials to his friend, he was on a police black list and should not return to China. When asked why he did not procure written confirmation of these incidents, Mr. Chen responded that he did not have time to take care of the matter.

---

[1]    Because of "indiscernible" testimony at the hearing, Admin. R. at 150, it is unclear whether Mr. Chen was treated by a doctor after the beatings.

### *Cross-examination*

With regard to his coming to the United States, Mr. Chen explained that "[o]riginally I planned to stay in South America because I had a friend there, and then the business folded, and I had nobody to depend on, so I left South America and came to United States," initially "to go to school." Admin. R. at 163. Mr. Chen planned to attend school for two or three years in the United States and then return to China when things calmed down.

When pressed about his lack of corroborative evidence, Mr. Chen stated that he did not think of gathering evidence before leaving China. He was then asked why he hadn't gathered evidence in the ensuing ten years, and his response is not entirely clear. He replied, "because I didn't think about using apply for asylum." *Id.* at 167.

The IJ questioned Mr. Chen about sending Christian materials to a friend in China and asked why he did not recognize the seriousness of such an action. Despite having testified that he had been arrested in China for, among other things, having a Bible and being in possession of religious materials, Mr. Chen insisted that he had not thought of the consequences of sending the religious tracts and that he did not think that sharing those materials was all that serious.

### *Immigration Judge's Decision*

After Mr. Chen's testimony, the IJ, in an oral ruling, denied the asylum application as untimely. He noted the many years Mr. Chen had been in the

-4-

United States without applying for asylum and despite having employed four different attorneys during that time. The IJ specifically remarked on the lack of corroboration, stating:

> You have absolutely very little corroboration, if any at all, of anything you've testified to today. You have no statements from Mr. Wong [the friend in China to whom Mr. Chen mailed Christian materials], you have no statements from your family. There's no evidence you were ever detained. There's no corroboration evidence of anything that you've said. Quite frankly, I just don't believe you.

*Id.* at 173.

The IJ followed his oral ruling with a sixteen-page written decision. He held that Mr. Chen's asylum application was untimely and did not qualify for the exception to the one-year filing deadline for aliens who demonstrate "the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *See* 8 U.S.C. § 1158 (a)(2)(D).

The IJ then identified a number of reasons to support his adverse credibility determination and ultimately found Mr. Chen had provided testimony that was "implausible, unbelievable, inconsistent internally, and inconsistent with [his] application." *Id.* at 97. The IJ also determined that Mr. Chen had failed to provide reasonably available corroborative evidence.

Alternatively, the IJ held that, even if Mr. Chen had testified credibly and provided corroboration, he had failed to provide facts sufficient to establish past

persecution or a well founded fear of future persecution. Mr. Chen's applications for withholding of removal and protection under the CAT were denied as was his request for voluntary departure.

### *BIA Appeal*

The BIA dismissed Mr. Chen's appeal agreeing with the IJ that Mr. Chen had failed to demonstrate "changed circumstances" sufficient to justify his late asylum filing. Specifically it found that Mr. Chen's mailing of religious materials to a friend in China could not create the changed circumstances upon which he could argue that his filing was timely. While the BIA agreed with Mr. Chen that the IJ had engaged in some improper speculation in finding him not credible, the BIA ultimately held that

> considering the totality of the circumstances, and particularly the inherent implausibility of the respondent's testimony, the Immigration Judge's adverse credibility finding is not clearly erroneous. The respondent's assertion that he suffered persecution in 1998 and feared returning to China is contradicted by his plan to attend school in the United States and then return home.

*Id.* at 4.

The BIA also agreed that Mr. Chen had failed to provide reasonably available corroborative evidence. Finally, the Board held that Mr. Chen failed to establish his eligibility for protection under the CAT.

-6-

## *Scope and Standards of Review*

A single member of the BIA affirmed the IJ's decision in a brief order.  *See* 8 C.F.R. § 1003.1(e)(5).  In these circumstances, "we will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance.  But when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds."  *Ismaiel v. Mukasey*, 516 F.3d 1198, 1205 (10th Cir. 2008) (quotations and citation  omitted).

We review the BIA's legal determinations de novo.  *See Lockett v. INS*, 245 F.3d 1126, 1128 (10th Cir. 2001).  "The agency's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'"  *Ismaiel*, 516 F.3d at 1204-05 (quoting 8 U.S.C. § 1252(b)(4)(B) (further quotation and citation omitted)).

## *Discussion*

On appeal, Mr. Chen argues that, because it presents a question of law, we have jurisdiction to review the Board's conclusion that his asylum application was untimely.  With regard to the merits of his appeal, he contends that the BIA erred in upholding the IJ's credibility determination and in its further conclusion that he failed to provide reasonably available corroborative evidence in support of his claim.  Finally, Mr. Chen argues generally that he is entitled to all the relief he requested.

1. *Asylum claim*

<u>Jurisdiction over the timeliness determination</u>

Ordinarily an asylum applicant must apply for asylum relief within one year after the date of the applicant's arrival in the United States.  8 U.S.C. § 1158(a)(2)(B).  An exception to this one-year filing deadline applies if an applicant "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing."  *Id.* at § 1158(a)(2)(D).  We are generally without jurisdiction to consider the BIA's timeliness decision.  *See* 8 U.S.C. § 1158(a)(3) (providing that no court shall have jurisdiction to review the Attorney General's determination of changed circumstances); *see also Ferry*, 457 F.3d at 1129-30.  We do, however, retain jurisdiction to consider "constitutional claims" and "questions of law."  8 U.S.C. § 1252(a)(2)(D).  We have interpreted "questions of law" to cover "a narrow category of issues regarding statutory construction."  *Diallo*, 447 F.3d at 1282 (internal quotation omitted).

Mr. Chen attempts to fit his argument within this narrow category by asserting that the BIA "committed legal error by misapplying the plain terms of the regulations."  Pet'r Br. at 11.  This argument has to do with the BIA's determination that Mr. Chen's evidence relating to a recent crackdown on religion was not relevant to his failure to file a timely asylum application because he

alleged he suffered persecution in 1998. But the application of law to facts, like whether certain evidence is relevant to determining whether a particular legal standard is met, does not present a question of law involving statutory construction. Mr. Chen's base argument is that his evidence supports a different outcome, which is "nothing more than a challenge to the agency's discretionary and fact-finding exercises." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007). As this court has held, an alien may not avoid the jurisdictional bar by arguing that the "evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." *Id.* This reasoning also holds true for Mr. Chen's argument that the BIA committed legal error in concluding that he failed to establish a relevant change in his personal circumstances.

Accordingly, we lack jurisdiction to consider the BIA's determination that Mr. Chen failed to show changed circumstances sufficient to render his asylum application timely.

2. *Restriction on Removal*

Adverse credibility determination

Mr. Chen challenges the BIA's decision to affirm the IJ's adverse credibility determination.

> Credibility determinations are factual findings . . . subject to the substantial evidence test. Because an alien's testimony alone may support an application for withholding of removal or asylum, 8 C.F.R. § 208.13(a), the IJ must give specific, cogent reasons for disbelieving it. In formulating those reasons, the trier of fact must

-9-

look to the of the circumstances and all relevant factors.  8 U.S.C.
§ 1158(b)(1)(B)(iii).

*Sarr v. Gonzales*, 474 F.3d 783, 789 (10th Cir. 2007) (quotations and citations
omitted).

An adverse credibility determination may be based on inconsistencies in the
witness' testimony, lack of sufficient detail, implausibility, or testimonial
demeanor.  *Elzour v. Ashcroft*, 378 F.3d 1143, 1152-53 (10th Cir. 2004).  "We
may not weigh the evidence, and we will not question the immigration judge's or
BIA's credibility determinations as long as they are substantially reasonable."
*Woldemeskel v. INS*, 257 F.3d 1185, 1192 (10th Cir. 2001).

As mentioned, the BIA held that, while part of the IJ's credibility finding
was improperly based on speculation, "the totality of the circumstances, and
particularly the inherent implausibility of the respondent's testimony" rendered
the IJ's adverse credibility determination not clearly erroneous.  Admin. R. at 4.
In particular, the BIA noted that Mr. Chen's assertion that he suffered persecution
in 1998 and feared returning to China was contradicted by his testimony that he
planned to attend school in the United States and then return home.  The BIA also
agreed with the IJ's determination that it was "unbelievable" that Mr. Chen would
send religious materials to his friend in China without considering "the possible
consequences of his actions, or those of possibly placing his friend in danger."

*Id.*  Having conducted our review of the record under the relevant standard, we conclude that the agency's credibility findings were substantially reasonable.

Corroboration Requirement

As an alternative ground upon which to dismiss the petition, the BIA held that, even if Mr. Chen was credible, his claim would still fail because he did not provide reasonably available evidence to corroborate his claims.  Mr. Chen contends this is error.

The REAL ID Act allows an applicant to rely solely on his or her own testimony without corroboration but only where "the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  *See* 8 U.S.C. § 1158(b)(1)(B)(ii).  Even when the testimony is "otherwise credible," the trier of fact may require corroboration, and the applicant must provide it "unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  *Id.*

Mr. Chen had ten years in this country in which to gather corroborative evidence to support his claim.  But, as the BIA noted, Mr. Chen "failed to provide any corroboration of his alleged past detention and mistreatment, church attendance in any of the cities where he resided, and most significantly, any corroboration from the recipient of the religious materials or from his family members to demonstrate the likelihood that he will suffer future persecution."

Admin. R. at 4.  Although Mr. Chen asserted on appeal to the BIA that documentation was not reasonably available because he was "blacklisted," the BIA noted that assertion conflicted with his testimony at the hearing that he failed to provide corroborating evidence because he "'didn't think about [doing so].'" *Id*. (quoting Admin. R. at 167).

Mr. Chen has not demonstrated that a reasonable factfinder would be compelled to reach a conclusion contrary to the BIA's decision that there was reasonably available corroborative evidence and he failed to provide it.  *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Convention Against Torture

Having determined that we lack jurisdiction to consider the asylum claim and that substantial evidence supports the denial of his application for restriction on removal, we turn to Mr. Chen's claim that he is eligible for relief under the Convention Against Torture.  *See* 8 C.F.R. §§ 208.16(c)(2), (4).  We do not address this claim, however, because, in his brief on appeal, Mr. Chen has merely cited the standard for relief under the CAT and stated that he qualifies for such relief.  This insufficient argument does not warrant appellate review.  *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

-12-

For the foregoing reasons, the petition for review of the asylum claim is DISMISSED; the balance of the petition is DENIED.


Entered for the Court


David M. Ebel
Circuit Judge