FILED
United States Court of Appeals
Tenth Circuit

August 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SERGIO GIRARD-LARA,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 12-9591
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

The Petitioner, Mr. Sergio Girard-Lara, is a Mexican citizen who was removable and ordered to appear at a removal proceeding. He requested adjustment of his status, but the agency denied relief for two reasons: (1) Mr. Girard-Lara was ineligible; and (2) adjustment of status was unwarranted as a matter of discretion. We have jurisdiction to address the agency's decision on eligibility, but not its further denial of relief on discretionary grounds. Thus, we dismiss the petition for lack of jurisdiction.[1]

---

[*]    The parties have waived oral argument; accordingly, the Court has decided the appeal based on the briefs.

[1]    This order and judgment is not precedential. *See* Tenth Cir. R. 32.1(A).

**THE AGENCY DECISION**

In determining that Mr. Girard-Lara was ineligible for adjustment of status, the Immigration Judge relied on a California conviction for drug offenses. The Immigration Judge added in the alternative that he would have denied adjustment of status as a matter of discretion even if Mr. Girard-Lara had been eligible. Agreeing with both reasons, the Board of Immigration Appeals dismissed the administrative appeal.

**LACK OF JURISDICTION**

In the subsequent appeal to our court, Mr. Girard-Lara argues that the Immigration Judge and the Board of Immigration Appeals erred in finding that he was ineligible for adjustment of status. According to Mr. Girard-Lara, the Immigration Judge and Board erred in finding that a deferred entry of judgment under California Penal Code § 1000 is a conviction for immigration purposes. Appellant's Opening Br. at 5. But Mr. Girard-Lara is not challenging the agency's additional rationale: that it should disallow adjustment of status as a matter of discretion. Mr. Girard-Lara even points out that "if this Court were to hold that [he] is statutorily eligible, [he] would still be denied on discretion." *Id.* at 2 n.2.

To determine whether we have jurisdiction, we examine the decision of the Board of Immigration Appeals rather than the Immigration Judge. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007). The Board provided two reasons for dismissing the appeal: Mr. Girard-Lara was ineligible, and the agency should

deny adjustment of status as a matter of discretion. The resulting issue is whether we have jurisdiction to address both rationales. If we lack jurisdiction over either rationale, we must dismiss the appeal.[2]

We lack jurisdiction over the Board's second rationale (agency discretion). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1115 (10th Cir. 2012); *see also Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005) (holding that we lack jurisdiction to review a denial of adjustment of status as a discretionary matter).

Discretionary decisions are reviewable when they are based on a question of law, such as eligibility for an adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(D); *Kechkar*, 500 F.3d at 1084. As a result, we must consider the possibility of a

---

[2]    We have explained that jurisdiction is lacking when an immigration judge denies adjustment of status for two reasons and one of them involves discretionary considerations:

> We recognize that one of the grounds relied upon by the [Immigration Judge to deny adjustment of status] was not discretionary—the denial based on Petitioner's having falsely claimed citizenship. But if there are two alternative grounds for a decision and we lack jurisdiction to review one, it would be beyond our Article III judicial power to review the other. Absent authority to review the discretionary ground, any opinion of ours reviewing the nondiscretionary ground could not affect the final order's validity and so would be advisory only. . . . There is no contention in this case that the [Immigration Judge's] decision on the nondiscretionary issue affected his exercise of discretion.

*Ekasinta v. Gonzales*, 415 F.3d 1188, 1191 (10th Cir. 2005).

- 3 -

different outcome in the agency if it had found Mr. Girard-Lara eligible for adjustment of status. That possibility is absent here.

When the Board of Immigration Appeals confronted the administrative appeal, the Immigration Judge had already noted the dismissal of the drug convictions. Still, the Immigration Judge pointed to:

- other convictions for driving while intoxicated and false swearing in an immigration matter,

- Mr. Girard-Lara's failure to take responsibility or express remorse for his actions, and

- his failure to pay taxes.

There is no reason to believe that the agency would have made a different discretionary decision if it had determined that Mr. Girard-Lara were eligible for adjustment of status. As a result, the agency's discretionary decision did not rest on an issue of law.

## CONCLUSION

The agency's decision on eligibility did not affect its exercise of discretion. In these circumstances, we lack jurisdiction and dismiss the petition.

Entered for the Court


Robert E. Bacharach
Circuit Judge

- 4 -