FILED
United States Court of Appeals
Tenth Circuit

March 10, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSE LUIS MACIEL-MUNIZ,

Petitioner,

v.

ERIC HOLDER, JR., Attorney
General,

Respondent.

No. 14-9536

Petition for Review

ORDER AND JUDGMENT[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

Jose Luis Maciel-Muniz is a citizen of Mexico who illegally entered the

United States in 1996. The Department of Homeland Security charged Maciel-

Muniz with removability in 2008 and, in response, Maciel-Muniz filed an

application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). After a

hearing, an Immigration Judge (IJ) denied Maciel-Muniz's application for

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

cancellation of removal, finding that he had failed to establish ten years of continuous presence in the United States, good character, and that his family would suffer exceptional hardship if he were deported.

On appeal, the Board of Immigration Appeals (BIA) also denied Maciel-Muniz's application, finding that he had failed to demonstrate exceptional hardship. Maciel-Muniz then filed this petition for relief, claiming two violations of his right to due process. We find that we are without jurisdiction to consider either of Maciel-Muniz's claims and thus his petition for review must be DISMISSED.

## I. Background

Jose Luis Maciel-Muniz is a native and citizen of Mexico who illegally entered the United States in 1996. In 2008, the Department of Homeland Security began removal proceedings against Maciel-Muniz under 8 U.S.C. § 1182(a)(6)(A)(I). Although he admitted to being removable as charged, Maciel-Muniz filed an application for cancellation of removal because removal would result in exceptional or extreme hardship to his U.S. citizen children.

After a hearing, the IJ handling Maciel-Muniz's case denied his request for cancellation of removal. Specifically, the IJ found that Maciel-Muniz had failed to demonstrate three of four elements an alien must prove to be eligible for cancellation of removal: (1) that he had been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the

-2-

date of such application;" (2) that he "ha[d] been a person of good moral character during such period;" and (3) that "removal would result in exceptional and extremely unusual hardship" to a spouse, parent, or child. 8 U.S.C. § 1229b(b)(1).

Maciel-Muniz then appealed this decision to the BIA. In a two-page order, a single member of the BIA rejected his appeal, finding Maciel-Muniz had failed to demonstrate that his removal would result in exceptional hardship to a spouse, parent, or child. The BIA order expressly declined to address whether Maciel-Muniz had demonstrated ten years of continuous presence or good moral character.

## II. Analysis

Maciel-Muniz presents two arguments in his petition for review. First, he contends that the IJ violated his right to due process by finding him removable based on his admission that he illegally entered the United States in 1996, only to subsequently hold that he was ineligible for cancellation of removal because he had not sufficiently proved that same fact. Second, he argues that the IJ failed to act as a neutral factfinder, again violating his right to due process. We agree with the respondent that Maciel-Muniz has not raised any claims reviewable by this court and thus dismiss his appeal for lack of jurisdiction.

## A.  Jurisdiction

Congress has explicitly prohibited the federal courts from exercising jurisdiction over denials of discretionary relief in the immigration context, including denials of applications for cancellation of removal under 8 U.S.C. § 1229b.  *See* 8 U.S.C. § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review. . . any judgment regarding the granting of relief under section . . . 1229b . . . .").  An exception to this general rule exists when the petitioner raises a colorable constitutional claim or a pure question of law.  *Id.* § 1252(a)(2)(D).  To be reviewable under this provision, "the alleged violation need not be 'substantial' but the claim must have some possible validity."  *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).  This court has previously held that it will not consider "challenge[s] to the [BIA]'s discretionary and fact-finding exercises cloaked in constitutional garb."  *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007).

Even where a petitioner presents a colorable constitutional claim, Congress has only authorized us to review a "final order of removal."  *Id.* § 1252(a)(1).  Due to the intricacies of the administrative scheme that governs deportation decisions, determining what exactly constitutes a final order subject to review is not as straightforward as one might hope.  After receiving an initial decision from an IJ, a person subject to deportation may file an appeal with the BIA.  "[T]here is no 'final order' until the BIA acts."  *Uanreroro v. Gonzales*, 443 F.3d 1197,

-4-

1203 (10th Cir. 2006). The contents of that reviewable final order, however, turn on what process the BIA employs in reaching its decision. Where, as here, a single BIA member decides the merits of the appeal and issues a brief order under 8 C.F.R. § 1003.1(e)(5), our review generally is limited to the BIA opinion. *Uanreroro*, 443 F.3d at 1204.

We may, however, consider the IJ's opinion in three circumstances: "(1) 'where the BIA incorporates by reference the IJ's rationale,' (2) where the BIA 'repeats a condensed version of [the IJ's] reasons while also relying on the IJ's more complete discussion,' and (3) 'where the BIA reasoning is difficult to discern and the IJ's analysis is all that can give substance to the BIA's reasoning.'" *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007) (quoting *Uanreroro*, 443 F.3d at 1204). Given this, we may not review an allegedly erroneous aspect of an IJ's decision when the BIA affirmed on separate grounds. *See, e.g.*, *Pacaja Vicente v. Holder*, 451 F. App'x 738, 741 (10th Cir. 2011) (finding that the court was "precluded" from considering an IJ's finding that a petition was untimely where the BIA assumed timeliness and rejected petition on the merits).

### B. Date of Entry

To qualify for cancellation of removal and thus avoid deportation, a removable alien must show that: (1) he has been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the

date of such application;" (2) he "has been a person of good moral character during such period;" (3) he has not been convicted of any statutorily enumerated offenses; and (4) "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a citizen of the United States or an alien lawfully admitted for permanent residence."  8 U.S.C. § 1229b(b)(1).

Maciel-Muniz's first claimed error is that the IJ violated his right to due process by finding him removable based on his admission that he entered the United States in 1996, only then to hold that Maciel-Muniz was not eligible for cancellation of removal because he had failed to sufficiently prove that same fact.[1]  We find that we are without jurisdiction to consider this claim.

In its decision, the IJ did not rely solely on the ten-year continuous presence requirement to deny Maciel-Muniz's application for cancellation of removal.  Rather, the IJ also found that Maciel-Muniz had failed to demonstrate both good moral character and exceptional hardship.  On appeal, the BIA expressly declined to reach the issue of continuous physical presence and based its conclusion that Maciel-Muniz was ineligible for cancellation of removal on its finding that Maciel-Muniz had failed to demonstrate exceptional hardship.  The BIA in no way adopted nor incorporated the IJ's findings relating to the ten-year

---

[1]  Maciel-Muniz also complains that the IJ used his admission that he entered in 1996 to make at least two findings of fact. This does not affect our jurisdictional analysis.

requirement. As a result, the IJ's determination that Maciel-Muniz had not sufficiently proved ten years of continuous presence is not part of the final order in this case and we are without jurisdiction to review issues relating to that determination.

## C. Neutral Factfinder

Maciel-Muniz's second claimed error is that the IJ in his case was not a neutral factfinder as is required by the Due Process Clause. Somewhat more specifically, Maciel-Muniz claims that the IJ "nit-pick[ed] through every detail of [his] testimony in making her determination" that Maciel-Muniz had not demonstrated ten years of physical presence. Ptr's Br. at 18–19. The IJ's bias against Maciel-Muniz is further demonstrated, allegedly, "by the incredible amount of time spent both during the individual hearing and in the . . . decision." *Id.* Maciel-Muniz asserts that the IJ's bias affected her analysis in its entirety—not simply as it related to the physical presence requirement.[2]

In support of his argument, Maciel-Muniz cites to a Ninth Circuit case, *Reyes-Melendez v. INS*, for the proposition that an IJ can violate an alien's right to due process by failing to act as a neutral factfinder. 342 F.3d 1001 (9th Cir.

---

[2] This last allegation is key because, as explained above, we are without jurisdiction to consider errors relating solely to the IJ's continuous presence determination. Because the BIA seems to have relied on some of the IJ's factual findings in making its exceptional hardship determination, however, Maciel-Muniz may be able to demonstrate that the IJ's allegedly unconstitutional bias affected the BIA's final order.

2003). In *Reyes-Melendez*, the IJ "very early in the hearing, . . . took over direct examination and accused Reyes-Melendez of moral impropriety" concerning his sexual history. *Id.* at 1007. During the questioning, the IJ "became aggressive and offered a stream of non-judicious and snide commentary." *Id.* Additionally, the IJ's eventual order "was replete with sarcastic commentary and moral attacks on Reyes-Melendez." *Id.* These actions led to the Ninth Circuit's determination that the IJ had failed to act as a neutral factfinder.

After reviewing the briefs and the record, we cannot find that Maciel-Muniz has presented a colorable constitutional claim relating to the IJ's neutrality. Maciel-Muniz fails to point to any statements or actions of the IJ that would allow us to infer that she held any bias toward him or his claim. There is nothing in the record indicating that this case is anything like *Reyes-Melendez*, in which the IJ repeatedly expressed personal disdain for the petitioner and his lifestyle. *See id.* Instead, Maciel-Muniz relies simply on his general assertions that the IJ "nit-pick[ed]" his testimony and spent too much time on Maciel-Muniz's individual hearing and on her findings. Maciel-Muniz, however, provides no support for the proposition that an IJ's thoroughness is somehow indicative of bias.

In light of this, it is clear that Maciel-Muniz has not presented a colorable constitutional claim and has instead simply cloaked a sufficiency of the evidence challenge in constitutional garb. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1084

(10th Cir. 2007) (noting that "challenge[s] to the [BIA]'s discretionary and fact-finding exercises cloaked in constitutional garb" are "outside the scope of judicial review"). Standing alone, Maciel-Muniz's conclusory allegation of "nit-picking" cannot be construed as anything more than an objection to how the IJ weighed and interpreted the evidence presented at the hearing. Consideration of this claim would necessarily consist of this court reviewing the evidence presented at the evidentiary hearing, making our own determinations as to the importance and credibility of particular pieces of testimony, and then comparing our view of the evidence with that of the IJ. This is exactly the type of claim that Congress intended to preclude when it limited federal court review in this area to questions of law and constitutional claims. *See* 8 U.S.C. § 1252(a)(2).

We find that Maciel-Muniz's second due process claim is, in fact, a challenge to the IJ's findings of fact and we are without authority to consider it.

## III. Conclusion

As we are without jurisdiction to consider either of Maciel-Muniz's claimed errors, the respondent's motion to dismiss the petition is GRANTED.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge