**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 28, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

JOSE GUADALUPE CASILLAS-
CASILLAS, a/k/a Jose Casillas-Guadalupe,
a/k/a Roman Saprisa,

      Petitioner,

v.

LORETTA LYNCH, United States
Attorney General,

      Respondent.

No. 14-9611
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PORFILIO**, and **PHILLIPS**, Circuit Judges.
_____

    Jose Guadalupe Casillas-Casillas, a native and citizen of Mexico, seeks review

of a Board of Immigration Appeals' (BIA) decision concluding that he is ineligible

for adjustment of status and refusing to reinstate his period of voluntary departure.

For the reasons that follow, we deny the petition in part and dismiss it in part for lack

of jurisdiction.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Casillas-Casillas is a Mexican national who has spent the majority of his life in the United States illegally. He first came to this country when he was three and voluntarily departed at the age of fifteen. He twice more attempted to reenter at the age of sixteen but was apprehended both times by U.S. border patrol and was allowed to voluntarily return to Mexico. Most recently, he illegally reentered the United States at the age of seventeen. Two years later, he encountered immigration officials at a jail in Denver, Colorado.

The government subsequently charged Mr. Casillas-Casillas with being unlawfully present in the United States without having been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). He conceded the charge but applied for adjustment of status. *See id.* § 1255(i). An immigration judge (IJ) held a hearing but denied the application, ruling that Mr. Casillas-Casillas was ineligible for relief because he had been unlawfully present in the U.S. for an aggregate period of more than one year and had subsequently reentered without proper admission. *See id.* § 1182(a)(9)(C)(i)(I). Mr. Casillas-Casillas argued that his unlawful presence should be excused because he was a minor at all relevant times, *see id.* § 1182(a)(9)(B)(iii)(I), but the IJ rejected his argument, pretermitted the application, and granted voluntary departure.

The BIA adopted the IJ's decision, explaining that Mr. Casillas-Casillas was ineligible for adjustment of status under § 1182(a)(9)(C)(i)(I) and the statutory exception for minors that he invoked, § 1182(a)(9)(B)(iii)(I), did not extend to aliens

2

like him who are unlawfully present in the United States after previous immigration violations. Consequently, the BIA ordered Mr. Casillas-Casillas removed to Mexico and refused to reinstate his period of voluntary departure because he failed to pay his departure bond.

## II.

Now in his petition for review, Mr. Casillas-Casillas challenges the BIA's legal conclusion that he was ineligible for adjustment of status because he was inadmissible under § 1182(a)(9)(C)(i)(I). That provision, which is entitled, "Aliens unlawfully present after previous immigration violations," states that "[a]ny alien . . . who has been unlawfully present in the United States for an aggregate period of more than 1 year . . . and who enters or attempts to reenter the United States without being admitted is inadmissible." *Id.* § 1182(a)(9)(C)(i)(I). Mr. Casillas-Casillas does not dispute that he satisfies these criteria. We have held that § 1182(a)(9)(C)(i)(I) applies to recidivist immigration violators who are ineligible for adjustment of status. *See Padilla-Caldera v. Holder*, 637 F.3d 1140, 1150-52 (10th Cir. 2011). Therefore, unless Mr. Casillas-Casillas falls under an exception to § 1182(a)(9)(C)(i)(I), the BIA correctly determined that he is ineligible for adjustment of status.

Mr. Casillas-Casillas insists he falls under an exception for minors contained in a preceding statutory subsection, § 1182(a)(9)(B)(iii)(I), which is entitled, "Aliens unlawfully present." But as the BIA recognized, this provision is inapplicable by its own terms. *See Padilla-Caldera*, 637 F.3d at 1147 ("If the intent of Congress is clear, that is the end of the matter[.]"). The text of § 1182(a)(9)(B) states:

3

(B) Aliens unlawfully present

(i) In general

Any alien (other than an alien lawfully admitted for permanent residence) who—

(I) was unlawfully present in the United States for a period of more than 180 days but less than 1 year, voluntarily departed the United States . . . , and again seeks admission within 3 years of the date of such alien's departure or removal or

(II) has been unlawfully present in the United States for one year or more, and who again seeks admission within 10 years of the date of such alien's departure or removal from the United States,

is inadmissible.

(ii) Construction of unlawful presence

*For purposes of this paragraph, an alien is deemed to be unlawfully present in the United States if the alien* is present in the United States after the expiration of the period of stay authorized by the Attorney General or *is present in the United States without being admitted or paroled.*

(iii) Exceptions

(I) Minors

No period of time in which an alien is under 18 years of age shall be taken into account in determining *the period of unlawful presence in the United States under clause (i).*

8 U.S.C. § 1182(a)(9)(B)(iii)(I) (emphasis added).

As the emphasized text makes clear, the exception for minors in § 1182(a)(9)(B)(iii)(I) applies only to calculating the period of unlawful presence "under clause (i)"—that is, § 1182(a)(9)(B)(i). Moreover, the definition of "unlawful presence" under § 1182(a)(9)(B)(ii) is limited to the class of aliens described in "this

4

paragraph"—that is, § 1182(a)(9)(B). But nothing in the text of the statute suggests the exception for minors extends to aliens unlawfully present under § 1182(a)(9)(C)(i)(I). Thus, as the BIA observed, this clear and unambiguous language demonstrates that the exception for minors contained in § 1182(a)(9)(B)(iii)(I) applies to only paragraph (B) and not to paragraph (C).

Indeed, the BIA recognized that the different subsections reflect Congress's intent to provide exceptions under certain circumstances to aliens who are unlawfully present in the United States, without extending those same exceptions to other aliens who are unlawfully present after committing previous immigration violations. In *Berrum-Garcia v. Comfort*, we observed that § 1182(a)(9)(B) applies to "first-time illegal aliens who are unlawfully in the United States without having been previously ordered removed or departed," while § 1182(a)(9)(C) applies to permanently inadmissible aliens who "illegally reentered after previously being formally removed." 390 F.3d 1158, 1167 (10th Cir. 2004). This latter class of recidivist immigration violators "not only entered the country without inspection, but then, after staying for a least a year, left the country and *thereafter* reentered or attempted to reenter illegally." *Padilla-Caldera*, 637 F.3d at 1150; *see In re Briones*, 24 I. & N. Dec. 355, 365-66 (BIA 2007) (same). Mr. Casillas-Casillas falls into this latter class of recidivist immigration violators covered by § 1182(a)(9)(C) and may not, therefore, avail himself of a statutory exception that by its plain terms does not apply to him. Consequently, the BIA correctly determined he was ineligible for adjustment of status.

5

Apart from this primary issue, Mr. Casillas-Casillas summarily asserts the BIA refused to reinstate voluntary departure. But we lack jurisdiction to consider this argument, which does not present a constitutional or statutory claim. *See Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007).

Accordingly, we deny in part the petition for review and dismiss it in part for lack of jurisdiction.

Entered for the Court


John C. Porfilio
Circuit Judge

6