FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARCO TULIO RODRIGUEZ
ROMERO,

　　Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

　　Respondent.

No. 21-9515
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.
_____

　　Marco Tulio Rodriguez Romero, a native and citizen of Guatemala, petitions

for review of the decision of the Board of Immigration Appeals (the Board)

upholding the immigration judge's denial of his application for cancellation of

removal. We dismiss the petition in part for lack of jurisdiction and deny the

remainder as moot.

_____

　　* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2002 Mr. Romero entered the United States without being admitted or paroled after inspection and settled in Colorado.  In addition to fathering three United States-citizen children, he accrued three Colorado misdemeanor criminal convictions—2012 and 2014 convictions for driving under the influence, and a 2014 conviction for an offense apparently referred to commonly as harassment (strike/shove/kick).

Shortly after his 2014 convictions the government commenced removal proceedings, prompting Mr. Romero to apply for cancellation of removal.  The immigration judge denied the application, finding that he did not meet the requirements of showing (1) he was "a person of good moral character" for the ten years preceding the application, 8 U.S.C. § 1229b(b)(1)(B), and (2) his children would experience "exceptional and extremely unusual hardship" from his removal, *id.* § 1229b(b)(1)(D).  The Board agreed with the immigration judge on both points and dismissed the appeal.

## DISCUSSION

Mr. Romero challenges the moral-character and extreme-hardship decisions, both directly and by attacking the agency's credibility finding.  We need examine only the arguments relevant to hardship, because that finding is determinative.

Congress has limited our review of the agency's denial of cancellation of removal.  Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under" certain sections,

including § 1229b. "Our court reads [§ 1252(a)(2)(B)(i)] as denying jurisdiction to review the discretionary aspects of a decision concerning cancellation of removal under § 1229b(b)(1)," including "the determination of whether the petitioner's removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D)." *Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020) (internal quotation marks omitted). Nevertheless, under 8 U.S.C. § 1252(a)(2)(D), we retain jurisdiction to review "constitutional claims" and "questions of law," "including those that arise in the circumstances specified at § 1229b(b)(1)," *Galeano-Romero*, 968 F.3d at 1182.

The Board adopted the immigration judge's analysis of hardship. Mr. Romero argues that the immigration judge "effectively dismissed" hardship factors, "failed to analyze them appropriately," and "failed to balance the cumulative hardship factors." Opening Br. at 23. He asserts that the immigration judge abused his discretion, and that the Board's "adoption and affirmance of the [immigration judge's decision] without any further evaluation of Mr. Romero's hardship appeal grounds are a furtherance of the [immigration judge's] abuse of discretion," *id.* at 24.

These allegations about the agency's exercise of discretion, however, are exactly the type of contentions § 1252(a)(2)(B)(i) precludes us from reviewing. *See Galeano-Romero*, 968 F.3d at 1181, 1184. Nor can Mr. Romero rely on § 1252(a)(2)(D). "An alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome."

3

*Galeano-Romero*, 968 F.3d at 1184-85 (internal quotation marks omitted). Moreover, "[a] petition for review does not raise a question of law by disputing the Board's appraisal of the degree of hardship likely to his [qualifying relatives]," *id.* at 1182, or by criticizing "how the Board exercise[d] its discretion" even if such criticisms are "framed as a challenge to the application of a legal standard to established facts," *id.* at 1184.

Mr. Romero's credibility arguments also indirectly challenge the hardship determination. But as with the hardship arguments, we lack jurisdiction to review his contention that the Board "affirmed incorrect factual findings" and to grant his request to "review the [Board's] factual findings for substantial evidence," Aplt. Opening Br. at 16. *See Htun v. Lynch*, 818 F.3d 1111, 1118 (10th Cir. 2016) (credibility determinations are factual findings); *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) ("We have construed the term 'judgment' in [§ 1252(a)(2)(B)(i)] as referring to the discretionary aspects of a decision concerning cancellation of removal. This includes any underlying factual determinations." (citation omitted)).

We recognize that as part of his credibility argument, Mr. Romero asserts that the immigration judge and Board were biased against him. This portion of the argument invokes § 1252(a)(2)(D), because Mr. Romero is entitled to "a fair and impartial decision-maker" as a matter of due process. *Lucio-Rayos v. Sessions*, 875 F.3d 573, 576 (10th Cir. 2017). For two reasons, however, we also lack jurisdiction to review this contention. First, Mr. Romero's assertion that the Board was biased

4

amounts to no more than a complaint that the Board approved the immigration judge's allegedly biased decision. But he did not argue before the Board that the immigration judge was biased. Because this is a matter that the Board could have remedied, his failure to exhaust his administrative remedies deprives us of jurisdiction. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) ("It is a fundamental principle of administrative law that an agency must have the opportunity to rule on a challenger's arguments before the challenger may bring those arguments to court."); *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008) ("[O]bjections to procedural errors or defects that the [Board] could have remedied must be exhausted even if the alien later attempts to frame them in terms of constitutional due process on judicial review."). Second, our review of his bias argument reveals that it is in essence merely an attack on the agency's evaluation of the evidence. Such "challenge[s] to the agency's discretionary and fact-finding exercises cloaked in constitutional garb" are "outside the scope of judicial review." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted).

In short, Mr. Romero cannot overcome the agency's determination that he failed to satisfy the hardship requirement, either directly or by attacking the credibility finding. And without showing hardship, he cannot obtain cancellation of removal even if we were to rule in his favor on his moral-character arguments. *See* 8 U.S.C. § 1229b(b)(1). Accordingly, those arguments are moot.

**CONCLUSION**

We dismiss those portions of the petition for review challenging the hardship and credibility findings and arguing that the decisionmakers were biased.  We deny the remainder of the petition as moot.

Entered for the Court


Harris L Hartz
Circuit Judge