**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

LIDIA GUISELA CHACON OVALLE,

    Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 24-9530
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]

_____

Petitioner Lidia Guisela Chacon Ovalle seeks review of a final order of removal issued by a single member of the Board of Immigration Appeals (BIA). The BIA dismissed her appeal of an immigration judge's decision denying her requests for asylum, withholding of removal, and protection under the Convention Against Torture. A.R. 2–5. Our jurisdiction arises under 8 U.S.C. § 1252(a)(1), and we deny review.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The parties are familiar with the facts and we need not restate them here. The BIA's decision is the final agency determination and our review is limited to the issues addressed by the appellate immigration judge ("IJ"). Kechkar v. Gonzales, 500 F.3d 1080, 1083 (10th Cir. 2007). If necessary, we may consult the underlying decision of the immigration judge on the grounds relied upon by the BIA. Escobar-Hernandez v. Barr, 940 F.3d 1361, 1360 (10th Cir. 2019).

Our review of legal conclusions by the BIA is de novo. Miguel-Pena v. Garland, 94 F.4th 1145, 1153 (10th Cir. 2024). Factual findings are reviewed for substantial evidence, and they "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Miguel-Pena, 94 F.4th at 1153.

On appeal, Ms. Chacon argues that the IJ erred in denying relief by relying upon overturned law, misapplying the law, and giving insufficient weight to Ms. Chacon's testimony. Aplt. Br. at 4. The government first argues that Ms. Chacon has waived a challenge to the BIA's decision because her opening brief only addresses the IJ's decision and is insufficient. In the alternative, the government addresses the merits.

We agree that by failing to engage with the BIA's decision and instead challenging only the IJ's decision, she has waived her challenge. See Sanchez-Lopez v. Garland, No. 22-9566, 2023 WL 4311507, at *4 (10th Cir. July 3, 2023). For example, Ms. Chacon contests the IJ's reliance on "overturned case law" but the BIA explained that it did not rely upon a now-vacated decision and in any event, Ms.

2

Chacon had not otherwise qualified for asylum. A.R. at 4. Rule 28(a)(8)(A) requires a statement of "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [petitioner] relies." Arguments not raised in an opening brief are waived. United States v. Banks, 884 F.3d 998, 1024 (10th Cir. 2018).

Accordingly, review is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge