**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANAHI JAQUEZ-ESTRADA,

    Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

    Respondent.

No. 19-9569
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner Anahi Jaquez-Estrada seeks review of a decision of the Bureau of

Immigration Appeals (BIA) affirming a decision of an Immigration Judge which

found her removable to Mexico.  We dismiss in part and deny in part the petition for

review.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Petitioner Ahahi Jaquez-Estrada is a native of Mexico who was brought to the United States in 1995 as a young child without admission or inspection. She is married to a U.S. citizen and has a U.S. citizen child. In February 2015, she applied for and received relief under the Deferred Action for Childhood Arrivals (DACA) program, which deferred any action by the Department of Homeland Security (DHS) until February 2017. In June 2016, she requested and received a grant of advance parole to visit her grandfather in Mexico. When she returned, she presented herself at a port of entry and was paroled into the United States until June 16, 2016.

Jaquez-Estrada remained past the expiration of her parole and reapplied for deferred action under DACA. She was granted another two-year DACA deferral in February 2017, which would have expired in February 2019. In February 2018, however, she pled guilty to two counts of insurance fraud (one misdemeanor count under Colo. Rev. Stat. § 18-5-211(1)(a), (4) and one felony count under Colo. Rev. Stat. § 18-5-211(1)(b), (4)) and received a two-year deferred sentence. DHS then revoked her DACA deferral and, on April 4, 2018, issued a Notice to Appear (NTA) charging that she was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I), based on her conviction for a crime of moral turpitude, and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) based on her having entered the U.S. without proper documentation. Although Jaquez-Estrada had resided in the United States for a significant period of time before the revocation of her DACA status and initiation of removal proceedings, she was classified as an "arriving alien" under 8 C.F.R.

2

§ 1.2, part of the implementing regulations for the Immigration and Naturalization Act (INA).[1]

Jaquez-Estrada appeared at a hearing before an immigration judge (IJ) in April 2018 and denied the charges in the NTA. Over the course of the ensuing year, the proceedings were continued eleven times while she attempted to adjust her status. R. at 184, 194–96, 205–07, 212–14, 217–20, 223–25, 228–231, 243, 250–53, 260, 267–81. Because Jaquez-Estrada was an arriving alien, however, jurisdiction to adjust her status lay with the United States Citizenship and Immigration Services (USCIS), not the IJ. *See* 8 C.F.R. § 1245.2(a)(1) (giving IJ exclusive jurisdiction to adjust status of any immigrant *except* arriving aliens); *id.* § 245.2 (giving USCIS jurisdiction to adjust status of any alien not subject to IJ jurisdiction for adjustment of status). While the removal proceedings were ongoing, Jaquez-Estrada had pending before USCIS an I-130 Petition for Alien Relative, and her husband had pending an application for naturalization, both of which needed to be approved before she could adjust her status.

On January 15, 2019, although her application with USCIS was still pending, the IJ instructed Jaquez-Estrada he would not grant any further continuances. She thereafter filed an application for asylum, withholding of removal, and relief under

---

[1] The regulation defines "arriving alien," in relevant part, as "an applicant for admission coming or attempting to come into the United States at a port-of-entry . . . . An arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked." 8 C.F.R. § 1.2.

3

the Convention Against Torture (CAT), and a hearing was set for March 2019. After the March hearing, the IJ denied her requests for relief. She appealed to the BIA, which affirmed the denial. After briefing before the BIA was complete, the USCIS approved both Jaquez-Estrada's I-130 petition and her husband's application for naturalization.

Jaquez-Estrada then filed an application to adjust status with the USCIS and also filed a motion to reopen with the BIA, requesting a remand so she could also seek an adjustment of status from the IJ. The BIA denied the motion to reopen in its final order affirming the IJ's denial of asylum, withholding of removal, and CAT relief, noting that because Jaquez-Estrada was an arriving alien, only USCIS had jurisdiction to grant an adjustment of status and that, in any event, it did not appear she would qualify for an adjustment of status absent a waiver of inadmissibility due to her felony conviction.

## DISCUSSION

*Jurisdiction and Standard of Review*

The BIA affirmed the IJ decision in a detailed decision entered by a single Board member, so we review the BIA decision as the final agency determination and limit our review to issues specifically addressed therein. *See Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). Section 242 of the INA imposes significant jurisdictional limitations over claims brought by aliens who are found inadmissible by reason of having committed a crime involving moral turpitude. 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of

4

removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) . . . ."); *id.* § 1182(a)(2)(A)(i)(I) ("[A]ny alien convicted of . . . a crime involving moral turpitude . . . is inadmissible.").

The jurisdictional bar in § 1252(a)(2)(C) is subject to a narrow exception. It does not extend to "constitutional claims or questions of law," in a petition for review. 8 U.S.C. § 1252(a)(2)(D). "A petitioner can raise a 'question of law' under § 1252(a)(2)(D) in two ways: (1) by advancing a statutory-construction argument, or (2) by disputing the application of a legal standard to undisputed or established facts. *Galeano-Romero v. Barr*, __ F.3d __, No. 19-9585, 2020 WL 4458998, at *3 (10th Cir. Aug. 4, 2020) (alteration, citation, and internal quotation marks omitted) (citing *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068-69 (2020)). "An alien does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007). Further, subject to exceptions not applicable here, we lack jurisdiction to consider arguments that were not first exhausted before the BIA. 8 U.S.C. § 1252(d)(1); *Martinez-Perez v. Barr*, 947 F.3d 1273, 1282 (10th Cir. 2020). "[A]n alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).

Jaquez-Estrada was found inadmissible by reason of having committed felony insurance fraud, in violation of Colo. Rev. Stat. § 18-5-211(1)(b). She does not

dispute that felony insurance fraud is a crime involving moral turpitude under the INA. She instead argues she is protected by the exception in in 8 U.S.C. § 1182(a)(2)(A)(ii)(II), which provides: "Clause (i)(I) shall not apply to an alien who committed only one crime if . . . the maximum penalty possible for the crime of which the alien was convicted (or which the alien admits having committed . . .) did not exceed imprisonment for one year." Felony insurance fraud, though, is a class five felony under Colorado law, Colo. Rev. Stat § 18-5-211 (4), the maximum penalty for which *does* exceed imprisonment for one year, *see id.* § 18-1.3-401(1)(a)(V)(A) (setting maximum penalty for class five felonies at three years' imprisonment.). The exception in 8 U.S.C. § 1182(a)(2)(A)(ii)(II) is therefore inapplicable, and the jurisdictional bar under § 1252(a)(2)(C) applies.

Our jurisdiction is therefore limited to (1) constitutional claims and questions of law which (2) were fully exhausted before the BIA. Through that lens, we evaluate Jaquez-Estrada's claims that the BIA erred in denying her request for adjustment of status, "denying DACA relief," Pet. at 34, and denying her applications for asylum, withholding of removal, and protection under the CAT, and that she was unconstitutionally denied bail while her case was pending.

*Adjustment of Status*

Jaquez-Estrada raises several interrelated constitutional claims in connection with the denial of her twelfth request for continuance before the IJ and her designation as an "arriving alien," under 8 C.F.R. § 1.2. She asserts these decisions amounted to a denial of procedural and substantive due process. Jaquez-Estrada did

6

not raise the constitutional issues related to her "arriving alien" classifications before the BIA. Those claims are therefore unexhausted and unreviewable. 8 U.S.C. § 1252(d)(1); *Martinez-Perez*, 947 F.3d at 1282; *Garcia-Carbajal* 625 F.3d at 1237.

To the extent her due process claims are reviewable, they fail because there is no protected liberty or property interest in obtaining discretionary immigration relief, *i.e.*, adjustment of status. "Because aliens do not have a constitutional right to enter or remain in the United States, the only protections afforded are the minimal procedural due process rights for an opportunity to be heard at a meaningful time and in a meaningful manner." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotation marks omitted). Jaquez-Estrada does not assert, and there is no indication in the record to suggest, that she was denied an opportunity to be heard at a meaningful time and in a meaningful manner through her removal proceedings. We therefore conclude there was no violation of due process in her removal proceedings.

*DACA Relief*

Jaquez-Estrada next argues she was denied due process because the BIA did not review the decision of USCIS to revoke her eligibility for the Deferred Action for Childhood Arrivals (DACA) program. However, this Court's jurisdiction is limited to final orders of removal. The decision to extend or deny DACA status is not such an order. Further, DACA is a matter of prosecutorial discretion, and we lack jurisdiction to review the decision whether to extend it. 8 U.S.C. § 1252(g); *see also Veloz-Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015) ("Neither an IJ nor

the BIA has the authority to review the government's prosecutorial discretion decisions. And we too lack jurisdiction over them under 8 U.S.C. § 1252(g).").

*Claims for Asylum, Withholding of Removal, and Protection Under the United Nations Convention Against Torture*

Jaquez-Estrada also argues the BIA erred in its review of her claims for asylum, withholding of removal, and protection under the CAT. These arguments do not present constitutional claims or questions of law and so do not overcome the jurisdictional bar. The BIA agreed with the IJ's determination that Jaquez-Estrada's claims for asylum, withholding of removal, and CAT relief failed due to insufficient evidence for two reasons. First, she failed to prove she had a well-founded fear that removal to Mexico would subject her to political persecution because she had not ever engaged in public anti-gang or anti-corruption activity. Second, she failed to establish she was a member of a cognizable particular social group. Jaquez-Estrada had proposed three such groups in her asylum application: "Mexicans perceived as opposed to government corruption and crime," "Mexicans returning from the United States facing gang-related extortion under threat of death," and "members of the Perez family." R. at 4. The BIA agreed that the first two proposed categories lacked social distinction. As to the third, while there was evidence that Jaquez-Estrada's husband's uncle suffered harm in Mexico, there was insufficient evidence showing such harm was due to a protected ground. For this reason, the BIA affirmed the denial of her applications for asylum and withholding of removal. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1202 (10th Cir. 2006) ("Applicants who cannot establish a

8

well-founded fear under asylum standards will necessarily fail to meet the higher burden of proof required for withholding of removal under the INA . . . .).  The BIA also determined that she failed to establish her entitlement to CAT relief.

The challenges Jaquez-Estrada presents to these conclusions in her petition, though framed along several different grounds, all fundamentally amount to assertions that "the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome" than the one the BIA reached.  *Kechkar*, 500 F.3d at 1084.  She argues that "considering the kind of evidence available to an alien to prove political asylum and associated relief, the evidence is extensive in this matter and clearly shows" her entitlement to relief.  Pet. Br. at 45.  These arguments do not relate to statutory construction nor do they challenge the application of law to established or undisputed facts.  They are challenges to the factual findings of the IJ.  As such, Jaquez-Estrada cannot overcome the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(C).[2]  *See Galeano-Romero*, 2020 WL 4458998, at *3; *Kechkar*, 500 F.3d at 1084.

### *Denial of Bail*

Jaquez-Estrada also argues extensively that she was unconstitutionally denied bail during the pendency of her removal proceedings.  However, this issue, too, exceeds our jurisdiction, which is limited to reviewing final orders of removal.  8 U.S.C. § 1252(a)(1).  It also exceeds our jurisdiction due to mootness;

---

[2] The IJ also concluded Jaquez-Estrada did not timely apply for asylum and withholding of removal.  Jaquez-Estrada challenges this determination in her petition, but the BIA resolved her appeal without considering the timeliness issue.

Jaquez-Estrada is no longer detained, her removal proceedings have concluded, and she has been removed to Mexico.  We therefore do not consider this issue further. *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("We have no subject-matter jurisdiction if a case is moot.").

## CONCLUSION

For foregoing reasons, to the extent the petition alleges Jaquez-Estrada was denied due process before the IJ and BIA, it is denied.  In all other respects, the petition is dismissed for lack of jurisdiction.

Entered for the Court


Bobby R. Baldock
Circuit Judge

10