**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALFREDO VILLEGAS-MUNOZ,

     Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,*

     Respondent.

Nos. 19-9581 & 20-9607
(Petition for Review)

_____

**ORDER AND JUDGMENT***
_____

Before **HOLMES**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Alfredo Villegas-Munoz, a native and citizen of Mexico, petitions for review

of decisions by the Board of Immigration Appeals (BIA) affirming the denial of

(1) his application for cancellation of removal (Case No. 19-9581) and (2) his motion

to reconsider and reopen his application for voluntary departure (Case No. 20-9607).

---

    * On March 11, 2021, Merrick B. Garland became Attorney General of the
United States. Consequently, his name has been substituted for Robert M. Wilkinson
as Respondent, per Fed. R. App. P. 43(c)(2).

    ** After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

We dismiss his petition in Case No. 19-9581 and deny his petition in Case No. 20-9607.

## I.    Background

Mr. Villegas entered the United States unlawfully in 1999.  He is married to another Mexican citizen with no legal status in the United States, with whom he has four United States citizen children and one older noncitizen child.  The Department of Homeland Security instituted removal proceedings against Mr. Villegas in 2012 for being present without admission or parole.  *See* 8 U.S.C. § 1182(a)(6)(A)(i).  He conceded removability and applied for two forms of discretionary relief:  cancellation of removal under 8 U.S.C. § 1229b(b), and voluntary departure under 8 U.S.C. § 1229c.

To qualify for cancellation of removal, Mr. Villegas had to show that he was physically present in the United States for the ten years immediately preceding his application; he had been a person of good moral character during that time; he had not been convicted of any disqualifying crimes; and his "removal would result in exceptional and extremely unusual hardship" to his qualifying relatives (namely, his United States citizen children).  *See* § 1229b(b)(1)(A)-(D).

To qualify for voluntary departure, Mr. Villegas had to show that he was physically present in the United States for the year immediately preceding the service of his notice to appear; he had been a person of good moral character for the five years preceding his application; he was not deportable for a listed reason; and

2

he had the means to depart the United States and intended to do so. *See* § 1229c(b)(1)(A)-(D).

Mr. Villegas and his wife and son testified at the hearing before the immigration judge (IJ). The IJ found all witnesses to be credible and determined that Mr. Villegas met his burden on the first three statutory criteria for cancellation. But the IJ denied his application for cancellation, concluding that none of his four qualifying children would suffer "exceptional and extremely unusual hardship" if he was removed. *See* § 1229b(b)(1)(D). In reaching that conclusion, the IJ considered the hardship factors in the aggregate, including the qualifying children's lack of medical issues or special educational needs; the family's financial situation and ownership of a house and two cars; the existence of relatives who could assist the family and take the children to Mexico to visit their father; his wife's work experience and ability to return to work; his own ability to provide for the family by working in Mexico; and the prospects for him and his wife to lawfully immigrate to the United States "in the not so distant future." R. (No. 19-9581), vol. 1 at 48. The IJ denied voluntary departure because Mr. Villegas repeatedly testified under oath that he would not leave the United States willingly. *See* § 1229c(b)(1)(D) (providing that to be eligible for voluntary departure, a noncitizen must establish that he intends to leave the country).

Mr. Villegas appealed only the denial of cancellation to the BIA. He argued that (1) "[t]he [IJ] failed to make proper findings with respect to the hardship suffered by [his] children if they were not able to remain in the United States";

3

and (2) the IJ's speculation that Mr. Villegas might be eligible for an immigrant visa in the near future inappropriately "clouded" the hardship determination. R. (No. 19-9581), vol. 1 at 25-26. The BIA adopted and affirmed the IJ's decision and dismissed the appeal. That decision is the subject of Mr. Villegas's petition for review in Case No. 19-9581.

We abated the petition for review after Mr. Villegas, represented by new counsel, filed a motion to reconsider and reopen with the agency. He sought reconsideration of the denial of cancellation "in light of new developments since the [BIA's] decades old trilogy of cancellation cases" and the IJ's alleged failure to apply the correct legal standard governing hardship. R. (No. 20-9607), vol. 1 at 22 (capitalization standardized). He sought reopening to allow him to seek voluntary departure on the ground that his former counsel should have better advised him about the meaning and requirements for that option before the hearing. The BIA denied Mr. Villegas's motion. After he filed a petition for review of that decision in Case No. 20-9607, we lifted the abatement in Case No. 19-9581 and procedurally consolidated the two cases.

## II.    Analysis

### A.    This court does not have jurisdiction to review the BIA's denial of cancellation of removal.

This court lacks jurisdiction to review "any judgment" regarding cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). We have construed the term "judgment" to include the discretionary hardship determination. *See Arambula-Medina v. Holder*,

4

572 F.3d 824, 828 (10th Cir. 2009). We do, however, have jurisdiction to review "constitutional claims or questions of law." *See* § 1252(a)(2)(D). Mr. Villegas challenges the BIA's discretionary hardship determination on two grounds. Aware of our jurisdictional limitations, he frames one argument as a "legal question" and the other as a "due process issue." *See* Pet'r's Br. at 20, 27.

### 1. No Question of Law

Mr. Villegas argues the BIA erred in finding he failed to show "exceptional and extremely unusual hardship" to his qualifying children on the ground that they have no "serious medical or psychological issues." Pet'r's Br. at 11 (capitalization standardized); *see also id.* at 2 (phrasing the issue in terms of a "serious disability"); *id.* at 9 ("[T]he cancellation statute does not condition eligibility on the number of children or the seriousness of those children's health/medical conditions."). As we understand it, his argument is that the BIA should have focused more on how relocation to Mexico would affect one qualifying child's special educational needs, and less on whether all of the qualifying children had health issues. He characterizes this argument as a "pure legal issue[]." *Id.* at 14 (identifying the issue as "the correctness of the BIA's determination that he cannot show hardship because not all of his children have an emotional or serious health issue"); *see also id.* at 9 ("[T]he IJ and the [BIA] imposed additional requirements on the cancellation statute . . . .").

Despite his efforts to frame his argument as a legal one, Mr. Villegas has not presented a colorable question of law. Contrary to his assertion, the BIA did not impose a new requirement for cancellation and "[find him] statutorily ineligible . . .

5

because none of his four citizen children ha[s] [a] medical disability," *id.* at 8. Rather, the BIA "adopt[ed] and affirm[ed]" the IJ's detailed decision, which analyzed the statutory factors in the aggregate, weighed Mr. Villegas's hardship evidence, and went well beyond an assessment of whether any qualifying children had physical or emotional health issues. *See id.* at 47-49.

Mr. Villegas's argument amounts to an impermissible request that the court "reweigh evidence and substitute [its] view in place of the [BIA]'s discretionary decision," *Galeano-Romero v. Barr*, 968 F.3d 1176, 1184 (10th Cir. 2020). For example, he contends that "rather than weigh the impact of [his son's] diminished educational opportunities upon Mr. Villegas's relocation to Mexico, the [BIA] focuse[d] on the hardships of 'the other qualifying relatives,' thus confusing the hardships and emotional needs of the entire family with [the son's] high-achieving educational deprivation." Pet'r's Br. at 19-20. A petitioner does not present a claim "capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, incorrectly considered, or supports a different outcome." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007).[1]

Furthermore, Mr. Villegas did not criticize this aspect of the IJ's hardship determination before the BIA and thus did not exhaust this argument before the

---

[1] Because we reject Mr. Villegas's argument that this case involves "pure statutory construction," *see* Pet'r's Br. at 10, we need not address his related argument that the BIA's decision is not entitled to deference under either *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), or *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).

agency as required by 8 U.S.C. § 1252(d)(1). "[W]e generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1118 (10th Cir. 2007).

### 2. No Constitutional Claim

Alternatively, Mr. Villegas argues the BIA denied him due process by failing to "robustly address" his arguments in his motion for reconsideration concerning the BIA's inconsistent application of precedent, Pet'r's Br. at 26 (capitalization standardized), and the need for the BIA to "reexamine its trilogy" of published cancellation cases, *id.* at 33. Mr. Villegas's claim amounts to "a quarrel about the level of detail required in the BIA's analysis, not a colorable due process claim." *Alzainati v. Holder*, 568 F.3d 844, 851 (10th Cir. 2009). "The BIA is not required to write an exegesis on every contention." *Maatougui v. Holder*, 738 F.3d 1230, 1242-43 (10th Cir. 2013) (internal quotation marks omitted).

Because Mr. Villegas's cancellation arguments are outside the scope of judicial review, we dismiss his petition in Case No. 19-9581 for lack of jurisdiction.

### B. The BIA did not abuse its discretion in denying the motion to reopen as to voluntary departure.

Mr. Villegas argues the BIA abused its discretion in denying his motion to reopen. He contends remand to the agency for voluntary departure is appropriate because his former attorney failed to explain the essence of the relief to him before the removal hearing and thus provided ineffective assistance of counsel in violation of the due process clause.

7

During his hearing with the IJ, Mr. Villegas twice testified that he would not leave the United States on his own. *See* R. (No. 20-9607), vol. 1 at 218-19 (IJ: "If at the end of this case you were required to leave the United States, would you leave the United States voluntarily instead of under an order of removal?" Mr. Villegas: "I have to be very honest, because I promised to say the truth. . . . I say no because I would leave my family for a long time."); *id.* at 220 ("I don't have any intention to leave the country."). He reiterated his unwillingness to leave the United States even after the IJ ordered a recess during the hearing to allow his attorney to meet with him to discuss voluntary departure qualifications.

To support his motion to reopen, Mr. Villegas provided an affidavit, in which he explained he was confused during the hearing and promised he would leave the United States if the agency gave him another opportunity for voluntary departure. He stated that his attorney "did not discuss what voluntary departure really means" before the hearing. R. (No. 20-9607), vol. 1 at 52. He also stated that he "really did not understand what the [IJ] was asking" when he asked whether Mr. Villegas would leave the United States on his own. *Id.* Still, he made clear that he "do[es] not blame [his] former lawyer for what happened." *Id.*

The BIA denied the motion to reopen because Mr. Villegas did not comply with the requirements of *In re Lozada*, 19 I. & N. Dec. 637, 638 (B.I.A. 1988), *overruled on other grounds by In re Compean*, 24 I. & N. Dec. 710 (A.G. 2009), to

8

establish an ineffective assistance of counsel claim.[2]  The BIA also highlighted

Mr. Villegas's statement that he does not blame his former lawyer.  On appeal,

Mr. Villegas acknowledges he did not comply with *Lozada*'s requirements but argues

that his former counsel's ineffective assistance is so apparent and patent from the

record as to excuse strict compliance.  He cites cases from other courts to support this

proposition.

We review the BIA's denial of a motion to reopen for an abuse of discretion.

*See Maatougui*, 738 F.3d at 1239 (10th Cir. 2013).  The Supreme Court has described

the BIA's discretion over motions to reopen as "broad."  *Kucana v. Holder*, 558 U.S.

233, 242 (2010) (internal quotation marks omitted).  A noncitizen challenging the

denial of a motion to reopen "bears a heavy burden to show the BIA abused its

discretion" because such motions "are plainly disfavored."  *Maatougui*, 738 F.3d at

1239 (brackets and internal quotation marks omitted).

Mr. Villegas has not cleared this high bar, and we discern no abuse of

discretion.  The BIA could reopen the proceedings only if he showed that his

"counsel was ineffective and the circumstances were egregious."  *See Mena-Flores v.*

---

[2] [A] motion based on a claim of ineffective assistance of counsel must be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with former counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that former counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and if not, why not.

*Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003) (citing *Lozada*, 19 I. & N. Dec. at 639).

*Holder*, 776 F.3d 1152, 1168 (10th Cir. 2015). Mr. Villegas's "legal representation was ineffective only if the attorney's deficiencies were so prejudicial that the proceedings became fundamentally unfair." *Id.* at 1168-69. Prejudice "requires a reasonable likelihood that the outcome would have been different but for counsel's deficient performance." *Id.* at 1169 (internal quotation marks omitted). In addition to not complying with the *Lozada* requirements, Mr. Villegas has not presented egregious circumstances. And the IJ's provision of a recess to allow counsel to discuss voluntary departure qualifications with Mr. Villegas during the hearing defeats the prejudice prong.

Additionally, Mr. Villegas does not cite any law from this court to support his theory that compliance with *Lozada* is unnecessary when ineffective assistance of counsel is apparent or patent. Even if that were the law, the record does not support its application here because counsel's alleged ineffectiveness was neither apparent nor patent. Counsel *did* speak to Mr. Villegas about voluntary departure before and during the hearing. *See* R. (No. 20-9067), vol. 1 at 219 (counsel asked to go off the record after Mr. Villegas testified he would not leave the country voluntarily, explaining that "this is a different answer *than we had discussed before*" (emphasis added)); *id.* at 220 (the IJ then granted a recess to allow counsel "to prepare the witness in the middle of [the IJ's] voluntary departure qualification"). And Mr. Villegas himself stated that he does not "blame" counsel for his testimony. *Id.* at 52.

10

Because we conclude the BIA did not abuse its discretion in denying

Mr. Villegas's motion to reopen, we deny his petition in Case No. 20-9607.

### III.    Conclusion

We dismiss the petition for review in Case No. 19-9581 for lack of

jurisdiction.  We deny the petition for review in Case No. 20-9607.

Entered for the Court


Jerome A. Holmes
Circuit Judge

11