**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 29, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANA ABIGAIL SOSA-TALAVERA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 22-9534
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Ana Abigail Sosa-Talavera petitions for review of a decision by the Board of

Immigration Appeals (BIA).  She argues the BIA applied the wrong burden of proof

and provided an inadequate explanation in denying a remand to the Immigration

Judge (IJ) for further proceedings regarding her request for post-conclusion voluntary

departure.  Because we lack jurisdiction to review the issues she raises, we dismiss

her petition for review.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.    Background

Ms. Sosa-Talavera is a native and citizen of Honduras.  She illegally entered the United States on August 22, 2014, and was served with a notice to appear (NOA) the following day.  After conceding the basis for removal, she applied for asylum, withholding of removal, protection under the Convention Against Torture, and post-conclusion voluntary departure under 8 U.S.C. § 1229c(b).  Her petition for review addresses only the denial of voluntary departure.

Under § 1229c(b)(1), an alien may be permitted to depart the United States voluntarily at her own expense if, at the conclusion of a proceeding under 8 U.S.C. § 1229a, the IJ grants voluntary departure in lieu of removal and makes the following four findings:

> (A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served under section 1229(a) . . . ;
>
> (B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;
>
> (C) the alien is not deportable under [8 U.S.C. §§] 1227(a)(2)(A)(iii) or . . . 1227(a)(4) . . .[1]; and
>
> (D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

*Id.*

---

[1] The referenced statutory sections provide for removal based upon an aggravated felony, *see* § 1227(a)(2)(A)(iii), or based upon security or related grounds, *see* § 1227(a)(4).

2

At her merits hearing before the IJ, Ms. Sosa-Talavera addressed the stop-time rule in § 1229c(b)(1)(A), which required her to show she had been physically present in the United States for at least one year *before* she was served with the NOA. Acknowledging she was served almost immediately after entering the United States, she argued that, under *Pereira v. Sessions*, 138 S. Ct. 2105, 2114-16 (2018), service of the NOA did not stop the accrual of her period of physical presence because the NOA failed to specify the time and place of her removal hearing, as required by 8 U.S.C. § 1229(a)(1)(G)(i).  Ms. Sosa-Talavera did not testify at the hearing, or point to other evidence, regarding her means to depart the United States and her intention to do so, *see* § 1227c(b)(1)(D).  Citing a then-current BIA decision, the IJ ruled that Ms. Sosa-Talavera was ineligible for post-conclusion voluntary departure because a later notice of hearing served upon her had cured the defect in the NOA.

In her BIA appeal, Ms. Sosa-Talavera continued to argue that the defective NOA did not stop the accrual of her period of physical presence in the United States for purposes of post-conclusion voluntary departure.  In addition to *Pereira*, she cited the Supreme Court's more recent decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485-86 (2021), holding that all of the requirements for an NOA in § 1229(a) must be contained in a single document to trigger a different stop-time rule.[2]  She argued she

---

[2] *Pereira* and *Niz Chavez* addressed the sufficiency of an NOA to trigger the stop-time rule applicable to cancellation of removal under 8 U.S.C. § 1229b(d)(1). *See Matter of M-F-O-*, 28 I. & N. Dec. 408, 415-16 (B.I.A. 2021).  After Ms. Sosa-Talavera filed her BIA appeal brief, the BIA held that subsequent service of a notice of hearing does not cure a deficient NOA, which consequently "does not
                                                                (continued)

was therefore statutorily eligible for post-conclusion voluntary departure because she had accrued more than one year of physical presence in the United States, and she asked the BIA to "remand[] to the IJ for consideration of such relief." R. at 36. Ms. Sosa-Talavera did not address in her BIA appeal any of the other statutory requirements, including whether she had established by clear and convincing evidence that she has the means to depart the United States and intends to do so, *see* § 1229c(b)(1)(D).

The BIA dismissed Ms. Sosa-Talavera's appeal. It affirmed the IJ's denial of voluntary departure on different grounds, concluding that she "ha[d] not identified any evidence or testimony which establishes, by clear and convincing evidence, that she has the means to depart the United States and intends to do so." R. at 4. The BIA further concluded that Ms. Sosa-Talavera "ha[d] also not articulated sufficient facts, supported by the record, to warrant remanded proceedings for further consideration of her claims." *Id.* (citing *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (B.I.A. 1992) (setting forth grounds for denial of a motion to reopen)).

## II.    Discussion

Because a single member of the BIA decided Ms. Sosa-Talavera's appeal, "we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted).

---

preclude the [alien] from establishing the requisite period of continuous physical presence for purposes of [post-conclusion voluntary departure]." *Id.* at 417.

### A.    Jurisdictional Limitations

Our jurisdiction to review the BIA's denial of voluntary departure is limited. First, § 1229c(f) provides that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure under [§1229c(b)]." *See Ekasinta v. Gonzales*, 415 F.3d 1188, 1190 (10th Cir. 2005). Further, under 8 U.S.C. § 1252(a)(2)(B)(i), we lack "jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229c." But § 1252(a)(2)(D) provides that, notwithstanding § 1252(a)(2)(B)(i), we may review "constitutional claims or questions of law" related to voluntary departure decisions. *See Kechkar*, 500 F.3d at 1083 (holding we can review constitutional claims and questions of law despite jurisdictional preclusions in §§ 1229c(f) and 1252(a)(2)(B)(i)).

We also lack jurisdiction to review issues that Ms. Sosa-Talavera did not exhaust before the BIA. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999). We can review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). Available administrative remedies include motions to reconsider or reopen filed with the BIA. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (holding that "challenge[s] to the BIA's allegedly de novo [fact]finding" were unexhausted because they "should have been brought before the BIA in the first instance through a motion to reconsider or reopen"). The exhaustion rule "give[s] the agency the opportunity to correct its own errors." *Garcia Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010).

We therefore lack jurisdiction in this case unless Ms. Sosa-Talavera raises a constitutional claim or a question of law that she exhausted before the BIA.

## B.     Merits

Ms. Sosa-Talavera does not acknowledge these jurisdictional limitations, explain how her contentions qualify as raising constitutional claims or questions of law, or indicate with citations to the record where she raised her contentions with the BIA.

She first argues the BIA applied an incorrect evidentiary standard in denying her motion to remand for further consideration of post-conclusion voluntary departure. She maintains the BIA applied a clear-and-convincing-evidence standard applicable to an appeal when it should have instead determined whether she had established prima facie eligibility for voluntary departure sufficient to grant her motion to remand. The government argues the BIA applied the correct evidentiary standard because Ms. Sosa-Talavera did not file a motion to remand but merely sought a remand as a remedy in her appeal.

Whether the BIA applied the correct legal standard is a question of law. *See Brue v. Gonzales*, 464 F.3d 1227, 1232 (10th Cir. 2006). But Ms. Sosa-Talavera did not raise in a motion to reconsider or reopen filed with the BIA her contention that the BIA applied an incorrect evidentiary standard when it dismissed her appeal and denied her request for a remand to the IJ. Because she instead raises this challenge for the first time in this court, the BIA had no opportunity to consider its merit. *See*

*Sidabutar*, 503 F.3d at 1122.  We therefore lack jurisdiction to review this unexhausted issue.  *See id.*

Ms. Sosa-Talavera alternatively contends that the BIA provided inadequate reasoning in denying her motion to remand for consideration of voluntary departure. She appears to argue that the BIA's decision is so lacking in analysis that it amounts to an abuse of discretion.  *C.f. Maatougui v. Holder*, 738 F.3d 1230, 1242-43 (10th Cir. 2013) (holding the BIA does not abuse its discretion if its decision is sufficient for meaningful appellate review).  Ms. Sosa-Talavera does not explain how this contention raises either a constitutional claim or a question of law.  But we need not decide that jurisdictional question because her failure to raise her contention regarding the adequacy of the BIA's analysis in a motion to reconsider or reopen filed with the BIA deprives us of jurisdiction to review it.  *See Sidabutar*, 503 F.3d at 1122.[3]

## III.   Conclusion

Ms. Sosa-Talavera's petition for review is dismissed for lack of jurisdiction.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3] The government suggests that Ms. Sosa-Talavera may also be raising a constitutional claim based upon the BIA's denial of voluntary departure in the absence of a full evidentiary hearing.  We decline to construe her appeal brief as asserting such a contention when she makes no reference to any alleged constitutional violation.